UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH L. NEALE, JR.,

    Plaintiff,

    v.

ROBERT HOREL, warden; et al.,

    Defendants.

No. C 08-755 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

### INTRODUCTION

Joseph L. Neale, Jr., an inmate at the California State Prison in Corcoran, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Neale alleges the following in his complaint: The psychotropic medications for inmate Ricky Harris were allowed to lapse for several months at Pelican Bay State Prison following his return from San Quentin in November 2006. Harris became Neale's cellmate on February 26, 2007. Harris began acting in a very disturbing manner and two days later went into a psychotic rage and attacked Neale. Neale writes: "It is my contention that Warden Horel and Dr. McCarthy engaged in gross neglect on the prison's part for failure to properly institute and implement procedures that insure that psychotropic medications are appropriately restored to all mentally ill i/ms in a timely manner upon their return to PBSP. This kind of gross neglect and irresponsibility is a serious problem that needs to be addressed throughout CDCR." Complaint, p. 3.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim under § 1983 because it pleads only a negligence claim. The constitutional right usually implicated by a situation in which prison officials have failed to protect an inmate from another inmate is the Eighth Amendment's proscription on cruel and unusual punishment which has been interpreted to provide recourse when prison officials act with deliberate indifference to a known risk of harm to an inmate from other inmates. See Farmer v. Brennan, 511 U.S. 825 (1994). The allegations that defendants acted with gross negligence in allowing a situation to develop where an inmate was unmedicated and became a danger to another inmate do not state a claim for an Eighth Amendment claim. Neither negligence nor gross negligence amounts to deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). The court will not liberally construe the complaint to include an Eighth Amendment claim when only negligence has been pled. Leave to amend will be granted, however, so that plaintiff may attempt to allege an Eighth Amendment claim. To do so, he must allege (if he can do so truthfully) that defendants acted with deliberate indifference to a known risk to plaintiff's safety or health. Any amended complaint must state what each defendant did or failed to do that caused a violation of

plaintiff's constitutional rights.

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted and is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 24, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 23, 2008

_____
Marilyn Hall Patel
United States District Judge